Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is whether the Circuit Nidge erred in sustaining a demurrer to a plea attempting to set off against the assignees of a bond for money, a debt due, by open account, from the assignors, who were the obligees, to the obligors, at the time of the assignment, and which, after notice of the assignment, had, together with an additional account occurring after the . . assignment, been included in a promissory note execute¿ by the assignors to the obligors, payable one day after the date thereof.
Though the account, which was due and payable at the time of the assignment, might have been pleadable as a set-off in the action by the assignees, yet, as the parol contract was merged in the new contract in writ-in§h ma^e after notice of the assignment, the preexisting indebtedness by account was not pleadable; for that for which an action could not be maintained against an assignor, can never be pleaded as a set-off against his ass¡gaee- Nor could the note,merely as such, have been the subject of an available set-off; because it was the evidence of a new contract made after notice of the assignment, and part of the consideration accrued after , - . A the date ot the assignment.
But even were it admitted that, as pleaded in this case, so much of the debt, included in the note, as might have been set off whilst it remained an open account,- . - was not so far changed by the mere execution of a note for ¡t as to make it a new debt arising upon a contract _ r . . ° * made alter notice of the assignment, nevertheless, the c^iarac^r and effect of the indebtedness were changed by the 'credit given in the note, and the right of set-off, *375 being thus suspended by a new contract, was, in our judgment, waived. When the obligors in the bond sued on had notice of the assignment of the bond, they elected to give the obligees time to pay the amount of their account then due and pleadable as a set-off against their assignees, and substituted a new and essentially different liability. And, at the instant when that was done, their right to a set off was abandoned; and, having been lost or waived for an instant, the law should not restore it, to the prejudice of the assignees, who had no notice that it would ever be insisted on as a set-off against them, and who have a right to object to a set off which was not always available as such after the assignment.
Without deciding, therefore, whether the mere execution of a note would have waived or destroyed the previous right of set off — we are of the opinion that the note given in this case, had the legal effect of an abandonment of any preexisting right to set off against the assignees, the account due prior to the date of the assignment; and that, consequently, the Circuit Judge did not err in sustaining the demurrer to the plea of set-off.
Judgment affirmed.