## Dunn v. Limerick.

(Decided June 19, 1925.)

## Appeal from Grant Circuit Court.

Bills and Notes—In Action by Assignee of Non-negotiable Note. Failure to Submit Issue Whether Defendant Claiming a Set-off Had Knowledge of Assignment was Error.—Where defendant, in action by assignee of non-negotiable note, given in payment for cattle, alleged that before notice of assignment he had redelivered cattle to payee for sale, and counterclaimed for amount received on such sale in excess of amount of note, and where plaintiff in reply alleged that before purchasing note he had inquired of defendant concerning it, and notified him of his intent to purchase, held it was error to refuse to submit issue whether defendant had knowledge of assignment of note at time of redelivery of cattle, since, if he did, his claim in set-off was invalid, and he was estopped to plead it against plaintiff assignee.

OVERTON HOGAN and J. J. BLACKBURN for appellant.

F. A. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The judgment appealed from was rendered in the Grant circuit court in a suit instituted upon a non-negotiable promissory note for $840.00, dated July 5, 1918. About that time Sid Dunn sold a bunch of cattle to appellee, Limerick, for $840.00, and Limerick gave him a note, reading:

"Four months from date I promise to pay Sid Dunn the amount of $840.00 with six per cent interest from date."

On the 18th of the same month and before due, Sid Dunn assigned the note for value to his brother, Ellsworth Dunn, who is appellant herein. The note was not paid when due. Some time in October of the same year appellee, Limerick, turned all of same cattle and three others over to Sid Dunn for shipment to the market, at the time believing, as he says, that Sid Dunn was the holder of the note. Sid Dunn sold the cattle at an increased price but failed to pay the note to his brother, Ellsworth Dunn, or to turn the balance, $1,125.00 over to appellee, Limerick.

In answer to the suit on the note by Ellsworth Dunn, appellee, Limerick, pleaded the facts above set out and made his answer a cross-petition against Sid Dunn, praying that the amount due him from Sid Dunn be set off against the note held by Ellsworth Dunn, and that he have judgment over against Sid Dunn for $1,125.00, being the excess due him for the cattle after the payment of the note. Appellant, Ellsworth Dunn, replied that before purchasing the note he called on the appellee, Limerick, to know if the note was all right and if he purchased it would it be paid and that appellee, Limerick, assured him that the note was all right and good and assured him he would pay it; relying upon the assurances of appellee, Limerick, appellant purchased the note, thus estopping Limerick to plead the set-off and counterclaim offered in his answer and cross-petition. After issue joined a jury was empaneled and a trial had. The appellant, Ellsworth Dunn, offered to prove that he had called upon appellee, Limerick, before purchasing the note to know if it was all right and would be paid and that appellee, Limerick, assured him it was all right and to purchase it, but the court declined to hear this evidence. Thereupon appellant objected and excepted and made an avowal in substance as pleaded.

At the conclusion of the evidence the court directed the jury to find and return a verdict against appellant, Ellsworth Dunn, on the note and in favor of appellee, Limerick, upon his counterclaim against Sid Dunn for $731.16. From the judgment entered in conformity to the verdict this appeal is prosecuted.

Several grounds are urged for a reversal of the judgment, among them (1) refusal of the lower court to admit competent evidence on behalf of the appellant in support of appellant's plea of estoppel; (2) refusal of the court to allow appellant to introduce rebuttal evidence; (3) error of the court in peremptorily directing the jury to find for appellee, Limerick.

The note sued on was non-negotiable. It was payable to Sid Dunn and assigned by him, for value before due, to his brother, Ellsworth Dunn. Appellee, Limerick, says he did not know that the note was assigned to appellant until after the cattle had been delivered to Sid Dunn to be sold on the market. This, however, is disputed by Ellsworth Dunn, who says that he told appellee, Limerick, that he was purchasing the note. This

was a question of fact that should have been submitted to the jury. If appellee, Limerick, delivered the cattle to Sid Dunn after he had knowledge or notice of the fact that Sid Dunn had assigned and transferred the note to his brother, Ellsworth, then Limerick's claim for the price of the cattle was not a valid set-off against the note because it was not a subsisting demand against Sid Dunn, while Sid Dunn was the owner and holder of the note. 34 Cyc. 746, note 65; 24 R. C. L. 820; Neal v. Cornwell, 7 Ky. Law Rep. 755; Johnson v. Pearson, 7 Dana 374.

If Ellsworth Dunn notified appellee, Limerick, of his purchase of the note before Limerick turned the cattle over to Sid Dunn and Limerick consented to the transfer of the note, then he is estopped to plead a set-off against the note and is estopped as to Ellsworth Dunn to plead his demand against Sid Dunn for the cattle as a set-off against the note. 24 R. C. L. 820, section 27.

A proper determination, therefore, of the controversy rests upon the question of whether appellee, Limerick, had notice of the transfer of the note by Sid Dunn to his brother Ellsworth, at the time and before he turned the cattle over to Sid Dunn to be marketed for him. The court should, therefore, have submitted to the jury that disputed question, and have instructed the jury to find for the plaintiff or defendant in accordance with its finding upon that particular fact: that is, as to whether appellee, Limerick, had notice of the transfer of the note from Sid Dunn to Ellsworth Dunn at the time and before he turned the cattle over to Sid Dunn to be marketed. If he did have such notice and consented to the purchase of the note by Ellsworth Dunn, then he is estopped to plead a set-off against Ellsworth Dunn when sued on the note. If he did not have such notice then he is entitled to plead a set-off against the note. If appellee, Limerick, turned the cattle over to Sid Dunn with notice of the fact that Sid Dunn had theretofore assigned and transferred the note for value to Ellsworth Dunn, then the claim of Limerick for the price of the cattle was not a proper set-off against the note because it was not a subsisting demand at the time Sid Dunn became indebted to Limerick for the cattle.

For the error of the court in failing to submit, by proper instruction, the question of whether appellee, Limerick, had notice of the transfer of the note at the time he turned the cattle over to Sid Dunn, the judg-

ment must be reversed.  Upon another trial the court will allow appellant to prove, if he can, that he gave to appellee, Limerick, notice of his purchase of the note before the cattle were turned over to be marketed.  If the evidence is suffiicient upon that point the court will instruct the jury as above indicated.

Judgment reversed for proceedings consistent herewith.